THE ESTATE of JOHN HOFFMAN, Appellee, v. NICHOLAS HOFFMAN *et al.*, Appellants.

1. **Conveyance:** DESCRIPTION OF PROPERTY : CONSTRUCTION. A conveyance of real estate, made by a widow woman to her son, just preceding her death, contained this clause : "And also one-half of all personal property, of every name or nature, attached to the above real estate." *Held*, that, in view of the facts and circumstances surrounding the parties at the time of the transfer, the deed was to be construed as referring to all the personal property upon the real estate described, and not simply to such as is designated by law as fixtures.

2. — —: DELIVERY : EVIDENCE. The notary who drew the above deed testified that he delivered the same to the grantee, but on cross-examination stated, that the deed was left with some notes in his possession, with the understanding that he should hold them, so that in case the grantor should recover "she could have the property if she liked," and that there was to be no delivery of the deed until she died. On redirect examination the witness stated that he did not recollect that the grantor said anything to him about holding the deed, but that he had held the same at the request of the grantee. *Held*, that, this being a proceeding in probate, the finding of the district court that there was a delivery of the deed has the force of a verdict of a jury, and the same would not be disturbed.

3. ——: PERSONAL PROPERTY : ADMINISTRATION. A transfer of personal property in contemplation of one's approaching decease will not be disturbed in the absence of any showing that there are debts due from the estate of the grantor.

*Appeal from Dubuque District Court.*—HON. D. J. LENEHAN, Judge.

THURSDAY, OCTOBER 23, 1890.

ON the twenty-first day of April, 1888, Mathias Hoffman was appointed administrator of the estate of John Hoffman, deceased. On the sixteenth day of May, 1889, said administrator filed his final report. The defendants, claiming to be the heirs at law of John Hoffman, filed exceptions to said report. A trial was had by the court, and the exceptions were overruled, and the report confirmed. Defendants appeal.

*J. C. Longueville*, for appellants.

*J. D. Alsop* and *Adams & Mathews*, for appellee.

ROTHROCK, C. J.—I. John Hoffman, at the time of his death, was the owner of the undivided half of a farm, and of the horses, cattle, hogs and farming utensils on said farm. Mathias Hoffman, his brother, was the owner of the other undivided half of said property. John Hoffman was unmarried, and his mother, Margaret Hoffman, inherited his estate. It is claimed by Mathias Hoffman that after the death of his brother, by an arrangement with Margaret Hoffman, she conveyed and transferred to him the interest in the property which she inherited from her son, John Hoffman. The administrator's report sets forth this fact, and it is claimed therein that the personal property above mentioned is the property of Mathias Hoffman. Margaret Hoffman died after making the alleged transfer of her property, and the exceptions to the report of the administrator are taken by her administrator, and by the brothers and sisters of John Hoffman.

1. CONVEYANCE: description of property: construction.

It appears in evidence that, on the fourteenth day of April, 1888, Margaret Hoffman made a conveyance of the land to Mathias Hoffman. After the description of the land in the deed there is this clause : "And also one-half of all personal property, of every name or nature, attached to the above real estate." It is claimed in behalf of appellants that this did not convey the live stock and farming utensils and other property, because they were not attached to the real estate. In other words, it is insisted that only such property was conveyed as the law designates as "fixtures." The facts and circumstances surrounding the parties at the time the transfer was made make it very plain that the intention was to transfer the personal property which was on the farm. The word "attached" was not used in any technical sense. If there was, in fact, a transfer of

anything, it included all the real and personal property
of the deceased.

II.   The only real question in the case is, was the
deed a completed transaction between the parties so as
to pass the title to the property? This
depends upon the fact whether there was

2. ——: delivery:
evidence.

such a delivery of the deed as to pass the title, and
a determination of this question of fact settles the
rights of the parties.   The deed and other papers were
prepared by one Philip Heles.   He was a notary pub-
lic, and took the acknowledgment to the deed.   He
was examined as a witness upon the trial, and he gave
the following testimony on his examination in chief :
"I reside in Liberty township, where I was born.
Was acquainted with John and Margaret Hoffman dur-
ing their lifetime.   Margaret Hoffman lived with
Mathias Hoffman when she died.   Remember being
sent for by Margaret Hoffman, in April, 1888.   Mathias
Hoffman came . after me to do some writing for his
mother, Margaret Hoffman.   I went there, and saw her.
She said she would like to dispose of all her property;
that she was sick, and didn't know how long she would
live, and wanted to get things straightened up.   She
told the different sums to set out to the different chil-
dren, and all the balance to Mathias.   The property
consisted of real and personal property.   It was cattle,
horses and general personal property on the farm.
This personal property was on the farm occupied by
Mathias Hoffman then, and had been owned by him and
John before John's death.   She said :   ' I want to give
five hundred dollars to Barbara Hoffman, and two hun-
dred dollars to Nicholas Hoffman, and fifty dollars
apiece to the two girls, fifty dollars to Margaret Tilchen,
and fifty dollars to Elizabeth Eischen, fifty dollars for
saying mass at my death, and fifty dollars for saying
mass for John, and all the balance to Mathias.'   The
money for saying mass was to be paid to the priest.
These sums were to be paid in notes given by Mathias
Hoffman.   She was to give the farm to Mathias Hoff-
man to deed the undivided one-half.   I made a deed of

the farm. That deed was delivered to Mathias. The notes were made out and signed. I made them out and Mathias and his wife signed them. I heard Mr. Hoffman say that he paid about nine or ten dollars on each one of the notes. I delivered the notes to Barbara." In the cross-examination of the witness he stated that the deed and notes were left in his possession, and that the understanding was that he should hold them so that in case she should recover "she could have the property if she liked," and that there was to be no delivery until she died. In his re-examination, the witness was asked this question: "She did not tell you to hold the deed until after her death, did she?" The answer to the question was as follows: "Don't know as she did, but Mathias wanted me to hold the deed. Don't recollect that she said anything about holding the deed. Have held the deed ever since, at the request of Mathias. The old lady never asked me to keep the deed." He was asked this further question: "When did you understand the deed was to take effect,—from the date of the deed or when?" The answer was: "Why, I don't know as there was any understanding about it. The deed was dated on the day I was there."

This is a proceeding in probate, and the finding of the court is to be regarded as the verdict of a jury. It is not to be denied that the testimony of this witness is not altogether consistent. It appears from his cross-examination that the understanding was that the notes should be left in the possession of the witness; and, in case Mrs. Hoffman should recover, she could "have the property if she liked." The court was warranted in finding that this was the mere notion of the witness. He testifies elsewhere that Mrs. Hoffman did not ask him to keep the deed; said nothing about holding it, and that Mathias wanted him to hold it. It is to be remembered that the witness was in the presence of the court, and that what may appear in the abstract of his testimony was not really so inconsistent to those who saw and heard the testimony, as it fell from the lips of the witness. We

think the court was warranted in finding that there was a delivery of the deed to the grantee on the day of its date.

III.　It is claimed that the administrator of Margaret Hoffman was entitled to the possession of the

3. ——: personal property: administration. personal property, that it might be administered upon according to law.　The record does not show that there are any debts

due from her estate, nor any other reason why the transfer of the property by Mrs. Hoffman should be disturbed.　AFFIRMED.